IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EARL R. McCLESKEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08cv-634-MEF |
| | ) | |
| THE CITY OF DOTHAN, ALABAMA, | ) | (WO-Do Not Publish) |
| et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on a Motion to Dismiss (Doc. # 31) filed on October 10, 2008. On August 6, 2008, Plaintiff brought suit against the City of Dothan, Alabama, and several individual defendants in their official and individual capacities.[1] Plaintiff's claims are made pursuant to 42 U.S.C. § 1983. Plaintiff, a former employee of the City of Dothan, alleges violations of his right to procedural due process, equal protection, and retaliation for the exercise of constitutionally protected rights.

The City of Dothan seeks dismissal of the claim against it because contends that the claim is duplicative of the claims of Mayes, West, and Davis in their individual capacities. Plaintiff cannot and does not seriously dispute that the claim against the city and the claim against Mayes, West, and Davis are duplicative or redundant. Instead he argues that

---

[1] Those individual defendants are Billy Mayes ("Mayes"), Mike West ("West"), Kai Davis ("Davis"). Mayes is alleged to have been a Department Heard for the City of Dothan. West is alleged to have been City Manager for the City of Dothan. Davis is alleged to have been Personnel Director for the City of Dothan.

redundancy is not a ground on which a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) can be made.

The Court finds that under the applicable law the claims against Mayes, West, and Davis are indeed duplicative or redundant claims in light of the existence of Count VII of the Amended Complaint against the City of Dothan, the entity for which Mayes, West, and Davis all worked. In *Kentucky v. Graham*, 473 U.S. 159 (1985), the United States Supreme Court sought to eliminate lingering confusion about the distinction between personal-capacity and official-capacity suits. The Supreme Court emphasized that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 165 (quoting *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 690, n.55 (1978)). *Accord*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining that the real party in interest in an official-capacity suit is the governmental entity and not the named official). Thus, suits against municipal officials in their official capacity therefore should be treated as suits against the municipality. *See, e.g., Brown v. Neumann,* 188 F.3d 1289, 1290 (11th Cir. 1999) (a suit against a governmental official in his official capacity is deemed a suit against the entity that he represents); *Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991) ("Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents"); *Gray v. City of Eufaula,* 31 F. Supp. 2d 957, 965 (M.D. Ala. 1998) (same). Indeed, based on these and similar cases, Courts in this Circuit have rather routinely dismissed claims against municipal employees in their official

capacities where the municipality was properly made a defendant. Perhaps such rulings are more properly characterized as made pursuant to Federal Rule of Civil Procedure 12(f) which allows a court to strike from a pleading any redundant material. Indeed, such an action can be taken by a court even without a motion. *See* Fed. R. Civ. P. 12(f)(1).

In this case the application of these well-established principles make it plain that the official capacity claims against Mayes, West, and Davis are really claims against the governmental entity by which they were employed, the City of Dothan, Alabama. The City of Dothan, Alabama has already been made a proper party defendant to this action. Any relief required against Mayes, West, and Davis can be achieved by Plaintiff's claims against the City of Dothan. Accordingly, the Court is satisfied that the official capacity claims against Mayes, West, and Davis are unnecessarily duplicative and redundant.

For the foregoing reasons, it is hereby ORDERED as follows:

1. On or before May 22, 2009, Plaintiff shall file a second amended complaint which omits either the claim against the City of Dothan, or the claims against Mayes, West, and Davis in their official capacities.

2. The Motion to Dismiss (Doc. # 31) filed by the City of Dothan and the Motion to Dismiss (Doc. # 32) filed by Mayes, West, and Davis are denied as MOOT as they are directed to the Amended Complaint which will be supplanted by the second amended complaint.

DONE this the 5th day of May, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE