IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EARL R. McCLESKEY         ) | |
| ) | |
| PLAINTIFF,         ) | |
| ) | |
| v.         ) | CASE NO. 1:08CV-634-MEF |
| ) | |
| THE CITY OF DOTHAN, ALABAMA,         ) | |
| *et al.,*         ) | (WO) |
| ) | |
| DEFENDANTS.         ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on a Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 38), filed by Defendants Billy Mayes ("Mayes"), Mike West ("West"), and Kai Davis ("Davis") on June 9, 2009.[1]  Earl McCleskey ("McCleskey"), a former employee of the City of Dothan, brings this 42 U.S.C. § 1983 action against Mayes, West, and Davis in their individual and official capacities, alleging violations of his right to procedural due process, substantive due process, and his right to exercise procedural due process free from retaliatory action.

Defendants Mayes, West, and Davis (collectively "Defendants") seek dismissal of the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Defendants

---

[1] This motion is made on behalf of Mayes, West, and Davis individually and in their official capacity.  A claim against a municipal official in his or her official capacity is treated as a claim against the entity itself.  *See Abusaid v. Hillsborough County Bd. of County Comm'rs*, 405 F.3d 1298, 1302 n.3 (11th Cir. 2005).  Therefore, the Court construes this motion to dismiss to be asserted on behalf of all Defendants, including the City of Dothan.

argue they are entitled to dismissal of the Second Amended Complaint on grounds of res judicata and collateral estoppel, as well as failure to state a claim upon which relief may be granted.

## FACTS

A summary of the allegations of Plaintiff's Second Amended Complaint is as follows:

Since approximately 1990, McCleskey has been employed as the Wastewater Collection Supervisor for the City of Dothan, Alabama. On July 11, 2006, McCleskey submitted, pursuant to department policy, a travel expense request to his direct supervisor, Billy Mayes ("Mayes"), for a training class McCleskey planned to attend with two of his co-workers on July 20-21. McCleskey requested $335.60 for the out-of-town trip for all three employees, an amount that included sums for one night's lodging, two days' meals, and fuel. The travel request was approved, and McCleskey received a check for $335.60 from the City.

When McCleskey and his two co-workers were returning to Dothan from the out-of-town training class, the three men agreed to stop at a fast-food chicken restaurant for supper before going home. McCleskey informed his two co-workers that they each had $25 of their expense money remaining. At the restaurant, McCleskey and his two co-workers each ordered twelve pieces of chicken, three sides, and six biscuits; the receipt indicated that the total cost for the three meals was $74.49.

After the trip, McCleskey turned in the receipt for the chicken dinners to the secretarial staff, who completed an expense report. McCleskey's supervisor, Mayes,

2

reviewed the report, found the chicken-dinner expense to be excessive, and refused to pay the amount. McCleskey believed the expense was legitimate and told Mayes he would, pursuant to City policies and procedures, file a grievance to resolve the issue.

McCleskey filed a written grievance concerning the matter on July 26, 2006. Two days later, McCleskey emailed Mayes asking him to provide McCleskey a copy of the grievance so he could forward it to Mike West, the City Manager. On August 1, McCleskey emailed West, and asked him for a chance to discuss the grievance. At some point before August 3, 2006, Mayes discussed McCleskey's dispute with West, and, according to Mayes, West told him to proceed with terminating McCleskey.

On August 3, 2006, Mayes served McCleskey with a "Notice of Determination Hearing and Possible Disciplinary Action." That document informed McCleskey that he was charged with violations of City rules and policies; McCleskey disputes the accuracy of the various charges. On August 7, 2006, Mayes held a "Determination Hearing" with McCleskey. At the hearing, Mayes confronted McCleskey about the chicken-dinner incident and repeatedly referred to the grievance McCleskey filed regarding the incident. On August 10, 2006, Mayes terminated McCleskey's employment. After the termination, Mayes returned McCleskey's grievance with a notation that the offense forming the basis of McCleskey's termination was not an offense for which a grievance can be filed. McCleskey alleges that this dispute, according to the Personnel Rules and Regulations, is in fact a grievable matter.

McCleskey later appealed his termination to the Dothan Personnel Board, which conducted a hearing on McCleskey's appeal on October 26, 2006. McCleskey alleges that the proceedings before the Personnel board were biased and lacked procedural fairness because portions of the Personnel Board's deliberations were not held in an open setting and one statement by one member was indicative of bias against McCleskey. On January 8, 2007, the Personnel Board affirmed McCleskey's termination. McCleskey then appealed, pursuant to the Civil Service Act, the Personnel Board's decision to the Circuit Court of Houston County Alabama. The circuit court entered a judgment that reversed the Personnel Board's decision, and ordered McCleskey reinstated. The City of Dothan appealed the decision of the circuit court to the Alabama Court of Civil Appeals. At the time McCleskey filed the Second Amended Complaint in this case, the appeal was pending. Since then, the Defendants in this case have provided this Court with an unofficial Westlaw citation to a decision by the Alabama Court of Civil Appeals. That decision apparently reverses the circuit court, and affirms the Personnel Board's decision to terminate McCleskey's employment.

In his Second Amended Complaint, McCleskey brings the following claims: (1) Defendants violated his procedural due process rights, as guaranteed by the Fourteenth Amendment to the United States Constitution;[2] (2) Defendants violated his substantive due

---

[2] McCleskey alleges this claim in counts 1, 2, and 3 of the Second Amended Complaint, with each count corresponding to one of the three individual defendants (Doc. # 37, ¶¶ 92-133).

process rights, as guaranteed by the Fourteenth Amendment to the United States Constitution;[3] (3) Defendants violated McCleskey's right to seek procedural due process without retaliation or reprisal, in violation of the Fourteenth Amendment to the United States Constitution.[4] McCleskey also states that he is entitled to relief for all three of these claims under the Alabama Constitution.

The Defendants have moved to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). First, the Defendants argue that all of McCleskey's claims are barred by res judicata or collateral estoppel. Second, the Defendants argue that, even if McCleskey's claims are not barred by prior adjudication, McCleskey has failed to state a claim upon which relief may be granted. For the reasons discussed below, Defendants' motion to dismiss the complaint is due to be GRANTED.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also*

---

[3] McCleskey alleges this claim in counts 4, 5, and 6 of the Second Amended Complaint, with each count corresponding to one of the three individual defendants (Doc. # 37, ¶¶ 134-196).

[4] As with the substantive due process claim, McCleskey alleges this claim in counts 4, 5, and 6 of the Second Amended Complaint, with each count corresponding to one of the three individual defendants (Doc. # 37, ¶¶ 134-196).

5

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Now, in order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.[5] While the factual allegations of a complaint need not be detailed, a plaintiff must nevertheless "provide the 'grounds' of his 'entitlement to relief' and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. The plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id.* It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted). In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

The federal claims in this action are brought against defendants pursuant to 42 U.S.C.

---

[5] In McCleskey's "Response to Defendants' Motion to Dismiss Second Amended Complaint" (Doc # 41, p. 3-5), McCleskey cites the wrong legal standard against which a Rule 12(b)(6) motion to dismiss must be judged. McCleskey cites as controlling the "no set of facts" standard established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Because that is no longer the proper Rule 12(b)(6) standard, the court will address this motion using the standard established in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

§ 1983. Section 1983 provides a remedy when a person, acting under color of state law, deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See, e.g.,* 42 U.S.C. § 1983;[6] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ("§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred") (internal quotes omitted); *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994). To state a claim pursuant to § 1983, a plaintiff must point to a violation of a specific federal right. *See, e.g., Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996).

## DISCUSSION

### A. Res Judicata and Collateral Estoppel

The Defendants have moved to dismiss Plaintiff's Second Amended Complaint under the doctrines of res judicata and collateral estoppel. In support of their motion to dismiss, the Defendants allege that the Alabama Court of Civil Appeals issued a decision on November 7, 2008 that precludes any consideration of the issues in this case. The Defendants have provided an unofficial Westlaw citation of the prior adjudication, but

---

[6] Section 1983 provides in relevant part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

7

otherwise have not attached any court records. In response, McCleskey contends that the issue of whether the claims raised in the complaint are barred by res judicata and collateral estoppel cannot be determined because the Defendants have failed to attach any authenticated court records of the prior adjudication.

The court agrees with McCleskey that, at this stage in the litigation, a defense based on res judicata or collateral estoppel is without merit. In *Concordia v. Bendekovic*, 693 F.2d 1073, 1075-76 (11th Cir. 1982), the Eleventh Circuit explained the difference between a Rule 12(b) dismissal motion and a Rule 56 motion for summary judgment based on res judicata.[7] In *Concordia*, the plaintiff brought a civil rights action in federal court alleging that one of the defendants, a police officer, beat the plaintiff, unnecessarily causing injury. *Id.* at 1074. The defendants filed a Rule 12(b)(6) motion to dismiss, claiming that the doctrine of collateral estoppel barred plaintiff's suit. *Id.* In support of the motion, the defendants argued that the plaintiff, in a previous state court action, had filed a counterclaim against the defendant police officer and city alleging that the officer was liable for assault and battery. *Id.* The defendants attached to their motion to dismiss an exhibit consisting of an answer and counterclaim by the plaintiff in the prior state court action, which alleged that the defendant officer assaulted the plaintiff. *Id.* The defendants also included a true copy of the final

---

[7] Res judicata is actually not a defense under Rule 12(b); it is an affirmative defense that should be raised under Rule 8(c). Nevertheless, the Eleventh Circuit has allowed res judicata defenses to be asserted in the form of a Rule 12(b)(6) motion "where the defense's existence can be judged on the face of the complaint." *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982).

8

judgment granting damages to the police officer and denying the plaintiff relief on his counterclaim. *Id.* The district court dismissed the action on the basis of collateral estoppel. The Eleventh Circuit reversed because the defendants, with their motion to dismiss, did not establish that any issue actually had been litigated or that there had been a final judgment on the merits in the state proceeding. The court explained that additional evidence, such as a copy of the state trial court's records, was necessary in order to apply the doctrine of res judicata in the context of either a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment pursuant to Rule 56. *Id.* at 1076. The Eleventh Circuit specifically stated:

> Additional evidence, preferably a copy of the state trial court's records, is required in order to apply the doctrine of res judicata in the context of either a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment. As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence.

*Id.* The Eleventh Circuit further explained that a defendant may raise a res judicata defense by a Rule 12(b) motion "where the defense's existence can be judged on the face of the complaint." *Id.* at 1075 (internal citations omitted). At the summary judgment stage, a party may raise the res judicata defense by introducing sufficient information into the record to allow the judge to determine the validity of the defense. *Jones v. Gann*, 703 F.2d 513, 515 (11th Cir. 1983) (citing *Concordio*, 693 F.2d at 1075).

The Defendants in this case have submitted no state court records in support of their

9

res judicata and collateral estoppel argument. In addition, it cannot be said from the face of the Second Amended Complaint that the defense of res judicata can be applied to bar the McCleskey's claims. Thus, Defendants' motion to dismiss Plaintiff's Second Amended Complaint based on the defenses of res judicata and collateral estoppel is due to be DENIED.

### B. Procedural Due Process Claims

McCleskey alleges the Defendants' actions deprived him of property without due process and violated his right to procedural due process under the Fourteenth Amendment to the United States Constitution. McCleskey acknowledges, in his Second Amended Complaint, that he received a variety of procedural protections in connection with the termination of his employment. In particular, McCleskey concedes that he received a pre-termination notice of the charges forming the basis of his dismissal; a pre-termination opportunity to discuss the charges with Defendant Mayes at the "Determination Hearing"; and a post-termination opportunity to be heard when he appealed his case to the Personnel Board, to the Circuit Court of Houston County, and finally to the Alabama Court of Civil Appeals. Nonetheless, McCleskey alleges his procedural due process rights were violated because Mayes was a biased decisionmaker who contravened personnel rules in a variety of ways, including not processing McCleskey's grievance, submitting false claims, and unfairly applying the personnel rules. McCleskey further contends that his procedural due process rights were violated because Mayes failed to give McCleskey any meaningful predetermination proceeding with proper safeguards and an opportunity to be heard, to present

10

evidence, to be represented by counsel, and to question witnesses. Finally, McCleskey claims that Mayes conspired with West and Davis to violate McCleskey's right to procedural due process.

The Supreme Court established the doctrine applicable to procedural due process issues in *Parratt v. Taylor*, 451 U.S. 527 (1981), and later extended that doctrine in *Hudson v. Palmer*, 468 U.S. 517 (1984). "Under the rules gleaned from these two cases, an unauthorized intentional or negligent deprivation of property by a state employee does not constitute a violation of the procedure requirements of the Due Process Clause of the Fourteenth Amendment if the state provides a meaningful post-deprivation remedy for the loss." *Hill v. Manning*, 236 F. Supp. 2d 1292, 1298 (M.D. Ala. 2002) (Albritton, J.) (citing *Tinney v. Shores*, 77 F.3d 378, 381-82 (11th Cir. 1996)).

In applying *Parratt* and *Hudson*, a distinction is drawn between cases in which a state process itself is challenged, and cases in which the procedures as applied are challenged. *See Bell v. City of Demopolis*, 86 F.3d 191, 192 (11th Cir. 1996) (distinguishing between a challenge to the state procedure itself and a challenge to the state procedure as applied). The distinction is significant because when a state actor takes unauthorized action, the procedural due process violation does not become complete until the state refuses to provide due process. *McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994). The rationale for this distinction rests with the fact that once a state has established procedures for the termination of public employees, the state cannot predict whether or not, in a given situation, those procedures will

11

be followed or ignored. *See Tinney*, 77 F.3d at 382 n.1. Therefore, when a State official takes intentional unauthorized action that was not preventable beforehand by the State, no procedural due process violation occurs unless the state fails to provide the opportunity to redress the situation after the fact. *Id.*

This case falls within the parameters of *Parratt* and *Hudson*. Even if McCleskey is correct in his assertion that Mayes was a biased decisionmaker who failed to follow the proper grievance procedure, and West and Davis conspired to disregard grievance procedures and to improperly apply the personnel rules, McCleskey has not suffered a violation of his procedural due process rights unless and until the state of Alabama refuses to make available a means to remedy the deprivation. *See McKinney*, 20 F.3d at 1563. McCleskey does not allege that his post-termination remedies have been inadequate.[8] Accordingly, McCleskey has failed to state a claim for the violation of his procedural due process rights, and thus the Defendants' Rule 12(b)(6) motion to dismiss is due to be GRANTED.

---

[8] The court recognizes that McCleskey does allege the proceeding before the Personnel Board was "sorely lacking in procedural due process and fairness" because "portions" of the deliberations were not held in an open setting and "one member fo the Board made a statement from which one could infer bias. . . against [McCleskey]." (Doc. # 37, p. 13). Even so, these allegations still fail to state a procedural due process violation because nothing in the Second Amended Complaint suggests the subsequent proceedings before the circuit court and the Alabama Court of Civil Appeals were Constitutionally deficient. *See McKinney*, 20 F.3d at 1563 ("As any bias on the part of the Board was not sanctioned by the state and was the product of the intentional acts of the [defendants], under *Parratt*, only the state's refusal to provide a means to correct any error resulting from the bias would engender a procedural due process violation.").

### C. Substantive Due Process Claims

McCleskey alleges that the Defendants terminated his employment in violation of his substantive due process rights, as guaranteed by the Fourteenth Amendment to the United States Constitution. In response, the Defendants argue that the protection of substantive due process does not apply in the employment law context, in which rights are created by state law rather than by the Constitution. The court agrees with the Defendants that the substantive component of the Due Process Clause of the Fourteenth Amendment of the United States Constitution provides no relief to McCleskey. *See McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (holding that "[b]ecause employment rights are state-created rights and are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection."). McCleskey has failed to state a claim for the violation of his substantive due process rights, and thus the Defendants' Rule 12(b)(6) motion to dismiss is due to be GRANTED.

### D. "Retaliatory" Procedural Due Process Claims

In Counts 4, 5, and 6 of the Second Amended Complaint, McCleskey alleges what the court understands to be a retaliatory procedural due process claim. That is, McCleskey alleges that he attempted to exercise his procedural due process rights, which included the filing of a formal grievance concerning the disputed payment at the chicken restaurant, and, in retaliation of his exercise of those rights, the Defendants terminated his employment. In support, McCleskey argues that a public employee's procedural due process rights "would

be meaningless if he could be deprived of that very property interest when he exercised or sought to exercise his right to due process." (Doc. # 41, p. 11).

McCleskey's argument that his retaliation claim is brought under the procedural component of the Due Process Clause is unavailing. The procedural component of the Due Process Clause guarantees notice and a fair hearing. *See, e.g., McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994) ( "[T]he Constitution requires that the state provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life, liberty, or property."). McCleskey has not demonstrated that he has any procedural due process right to be free from retaliation. The Court has not found, nor have the parties cited, any case law establishing a cause of action for retaliation based on the procedural component of the Due Process Clause. *See Butler v. Ala. Dept. of Trans.*, 512 F. Supp. 2d 1209, 1221 (2007) (rejecting argument that retaliation claims can be brought under the procedural component of the Due Process Clause), *overruled on other grounds*, 536 F.3d 1209 (11th Cir. 2008). Accordingly, McCleskey has failed to state a retaliatory procedural due process claim, and thus the Defendants' Rule 12(b)(6) motion to dismiss is due to be GRANTED.

### E. State Law Claims

McCleskey brings six Counts against the Defendants under the Alabama Constitution.[9] The Defendants have moved to dismiss all of McCleskey's claims, including

---

[9] The state law claims are stated in every count of the Second Amended Complaint. In essence, every claim brought under the United States Constitution is also brought under the Alabama Constitution.

the state law claims, although the Defendants do not specifically address why the state law claims should be dismissed.

Although the court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a), the court may decline to exercise its jurisdiction if all the federal claims are dismissed. 28 U.S.C. § 1367(c)(3). Further, the Eleventh Circuit has noted that where federal claims are dismissed prior to trial, *United Mine Worker's v. Gibbs*, 383 U.S. 715 (1966), "strongly encourages or even requires" the dismissal of state claims. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1985). Because the court has determined that all the federal claims are due to be dismissed, the court declines to exercise jurisdiction over the remaining state law claims, and McCleskey's claims for violations of his procedural and substantive due process rights under the Alabama Constitution, found in Counts 1 through 6 of the Second Amended Complaint, are due to be DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 38) is GRANTED with respect to Plaintiff's allegations that the Defendants violated his substantive due process rights, procedural due process rights, and retaliated against Plaintiff in violation of his Constitutionally protected rights. Those claims are DISMISSED with

15

prejudice.

2. Plaintiff's state law claims under the Alabama Constitution for violations of procedural due process and substantive due process, found in Counts 1 through 6, are DISMISSED without prejudice.

Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

DONE this the 3rd day of December, 2009.

                                        /s/ Mark E. Fuller
                                   CHIEF UNITED STATES DISTRICT JUDGE